IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHERYL R. GREEN,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.:   06-BE-236-S |
| | ) |
| **CITY OF TARRANT,** | ) |
| | ) |
|    **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendant's Motion to Dismiss (doc. 7). For the reasons set forth in this Opinion, the court finds that Defendant's Motion is due to be **DENIED**.

### BACKGROUND

The following allegations are taken as true and resolved in the light most favorable to Plaintiff:

Plaintiff Cheryl R. Green is an African-American female. She was hired as the City Clerk for the City of Tarrant in November 2003. As City Clerk, Plaintiff was the administrative department head and, at one time, supervised three city employees. Plaintiff is the only African-American department head, and the only female department head for the City. She reports directly to the Mayor of Tarrant.

Defendant City of Tarrant is a municipal corporation within the state of Alabama. In October, 2004, Loxcil Tuck, a Caucasian female, took office as Mayor of Tarrant. On April 6, 2005, Plaintiff filed an EEOC charge of discrimination in which she alleged that Mayor Tuck (1)

refused to recognize her as a department head for administration; (2) circumvented Plaintiff by communicating to her subordinates; (3) failed to inform Plaintiff of the opening of bank accounts; and (5) failed to keep Plaintiff informed of city business with vendors and of city meetings. Plaintiff filed a grievance with the Jefferson County Personnel Board over some of the matters related to the April charge of discrimination, and included with that grievance a complaint about an incident in which Mayor Tuck belittled Plaintiff in front of an African-American resident of the City of Tarrant. The Personnel Board did not grant Plaintiff a hearing.

On June 28, 2005, Mayor Tuck stripped Plaintiff of all responsibilities for supervising the three city employees. Mayor Tuck also removed Plaintiff's supervisory responsibilities over the city's building inspector, a Caucasian male. This lawsuit soon followed.

## STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

## DISCUSSION

The elements of a claim for race discrimination are the same under Title VII, § 1981, and § 1983.  *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 843, n.11 (11th Cir. 2000) (noting that the elements of a race discrimination claim under § 1981 or § 1983 are the same as the elements of a Title VII disparate treatment claim).  Likewise, the elements of a claim for retaliation are the same under Title VII, § 1981, and § 1983.  *Compare EEOC v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1571 (11th Cir. 1993); *with Felton v. City of Auburn*, 968 F. Supp. 1476, 1479, 1481 (M.D. Ala. 1997).  To recover under either race discrimination or retaliation, Plaintiff must allege and prove, among other elements, that she suffered a viable adverse employment action.  *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001).

The issue before the court is whether the Amended Complaint alleges that Plaintiff suffered an adverse employment action.  The Eleventh Circuit has stated that, to prove an adverse employment action, a plaintiff must show "a *serious and material* change in the terms, conditions, or privileges of employment.  Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id*. at 1238-40 (emphasis in original).  The court elaborated on this standard in *Akins v. Fulton County, Ga.*, where it stated:

> [w]e have decided that, as a matter of law, important conditions of employment include discharges, demotions, refusals to hire or promote, and reprimands....In addition, any other conduct that alters the employee's compensation, terms conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee qualifies as an

>adverse employment action....Thus, if an employer's conduct *negatively affects* an employee's salary, title, position, or *job duties*, that conduct constitutes an adverse employment action.

*Akins v. Fulton County, Ga.*, 420 F.3d 1293, 1300 (11th Cir. 2005) (emphasis added) (internal quotations and citations omitted) *see also Hinson v. Clinch Cty. Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000) (stating that a transfer to another position can be adverse if it involves a reduction in prestige or responsibility.)

The Amended Complaint in this case alleges the following adverse employment actions:

>Mayor Tuck's refusal to recognize Green as the department head for administration, her circumventing Green in communicating to Green's subordinates, her failing to inform Green of the opening of bank accounts, and failing to keep Green informed of city business with vendors and of city meetings.
>
>\*     \*     \*
>
>Mayor Tuck stripped Green of all her responsibilities for supervising the three aforementioned City employees....
>
>\*     \*     \*
>
>Mayor Tuck also removed Green's supervisory responsibilities over the City's building inspector, Elvin Horton, a Caucasian male.

The Amended Complaint further alleges the following negative effects on Plaintiff's employment with the City of Tarrant:

>As a proximate consequence of the violation of Title VII by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and future career opportunities, past and future pecuniary loss....
>
>As a result of this retaliation, Plaintiff was caused to be injured and damaged; to have her career significantly and adversely impacted....
>
>As a proximate consequence of the violation of § 1981 by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and future career opportunities, past and future pecuniary loss....

For purposes of this Motion to Dismiss, the court finds that the Amended Complaint sufficiently alleges an adverse employment action. The Amended Complaint contains specific allegations regarding Plaintiff's loss of supervisory responsibility and the negative effects this had on her current and future career opportunities. Moreover, a reasonable person in Plaintiff's position would likely view the loss of supervisory responsibility as an adverse action. Accordingly, the standards set forth by the Eleventh Circuit in both *Davis* and *Akins* are satisfied.

## CONCLUSION

Defendant's Motion to Dismiss is **DENIED**.

DONE and ORDERED this 4th day of May, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE